IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:15-cv-289-D

9252-8595 Québec Inc.,

    Plaintiff,

vs.

Loyal Friend Pet Co. Inc.,

    Defendant.

**ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

### I.  NATURE OF THE CASE

1.  Plaintiff 9252-8595 Québec Inc. ("Plaintiff") brought this action against Defendant Loyal Friend Pet Co. Inc. ("Defendant") for intentionally copying Plaintiff's trade dress and unregistered Dog Design trademarks and engaging in unfair and deceptive trade practices.

2.  Plaintiff filed its Complaint against Defendant on June 26, 2015. Subsequently, Defendant was duly served with a copy of the Summons and Complaint on June 30, 2015. Defendant has failed to file an answer, responsive pleading, or otherwise defend the lawsuit within the time allowed.

3.  On August 28, 2015, the Clerk entered default against Defendant. [Dkt. No. 11.]

4.  Plaintiff has moved for default judgment, impoundment, attorneys' fees, permanent injunction, and entry of a final judgment against Defendant based on its violations of 15 U.S.C. §1125(a) and N.C. Gen. Stat. §§ 75-1.1 *et seq.*

5. As a result of Defendant's failure to answer, or otherwise appear in this action and the Clerk's entry of default, the Court accepts as true the following well-pleaded allegations in Plaintiff's Complaint [Dkt. No. 1]:

a. Plaintiff has manufactured for it, and then sells, pet waste bags in commerce under its registered EARTH RATED® trademark. Plaintiff's bags, which have been sold in the United States since at least 2011, are sold to end consumers through retail stores and also online via third-party retail websites such as Amazon.com, Chewy.com, and others. Plaintiff's bags are currently available in over 6,000 stores in North America. (Compl. ¶ 7.)

b. Plaintiff expends substantial time and effort promoting its bags, e.g., online including through social media websites, at industry trade shows, and through other avenues. Important to the success of its EARTH RATED® bags, Plaintiff has developed a distinctive trade dress used on its bags, packaging boxes for the bags, its website and other advertising. Among other elements, Plaintiff's trade dress prominently features various stylized, cartoon-like dogs. These dogs have distinctive features including one eye being larger than the other, and three-leaf-clover-shaped paws. (Compl. ¶ 8.)

c. In approximately October 2011, Plaintiff first began using in U.S. commerce a trade dress printed on its pet waste bags, containing a number of distinctive elements. (Compl. ¶ 9.)

d. Over time, the trade dress design printed on Plaintiff's pet waste bags has evolved, but still retains many of the elements which the relevant consuming public associates with Plaintiff's products. Plaintiff's pet waste bags exhibiting Plaintiff's protectable trade dress are currently being sold in retail stores in the United States. (Compl. ¶ 11.)

2

Case 5:15-cv-00289-D Document 14 Filed 12/02/15 Page 2 of 12

e. Through substantial sales and advertising, consumers in the United States for pet waste bags associate the Plaintiff's bag trade dress exclusively as a source identifier for Plaintiff's high quality pet waste bags. Such trade dress has developed substantial goodwill, belonging exclusively to Plaintiff. (Compl. ¶ 13.)

f. The Plaintiff's trade dress for its packaging boxes contains a number of elements which in their totality create a distinctive trade dress design. Through substantial sales and advertising, consumers in the United States for pet waste bags associate the Plaintiff's trade dress for its packaging boxes exclusively as a source identifier for Plaintiff's high quality pet waste bags. The Plaintiff's trade dress for its packaging boxes has developed substantial goodwill, belonging exclusively to Plaintiff. (Compl. ¶¶ 17-19.)

g. Defendant has intentionally copied Plaintiff's trade dress, including Plaintiff's bag and box packaging trade dress in order to usurp and exploit the valuable goodwill and reputation garnered by Plaintiff, as Defendant and Plaintiff market their respective pet waste bags to the same types of customers and through the same channels of trade. (Compl. ¶ 34.)

h. Defendant's use of a confusingly similar trade dress on its bags and packaging, selecting many identical and/or similar elements as featured in Plaintiff's aforementioned trade dress, is likely to cause confusion with Plaintiff's rights, including in Plaintiff's bag and box packaging trade dress. (Compl. ¶ 35.)

i. By utilizing infringing trade dress, Defendant has used and is using in connection with its goods and/or services, and its containers for goods, a combination of words, symbols, and devices which is likely to cause confusion, and/or to cause mistake, and/or to deceive as to the affiliation, connection, and/or association of Defendant with

3

Plaintiff, in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)), to the injury of Plaintiff. (Compl. ¶ 36.)

j.  By utilizing infringing trade dress, Defendant has made and is making false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, and/or to cause mistake, and/or to deceive as to an affiliation, connection, and/or association of Defendant with Plaintiff, and/or as to the origin, sponsorship, and/or approval of Defendant's goods, services, and/or commercial activities by Plaintiff in violation of 15 U.S.C. §1125(a). (Compl. ¶ 37.)

k.  Defendant has intentionally copied Plaintiff's unregistered Dog Design trademarks by adopting and using in commerce, including on its bags and packaging boxes, confusingly similar cartoon-like dog designs, which are likely to cause confusion with Plaintiff's Dog Designs. (Compl. ¶¶ 42, 46.)

l.  By utilizing infringing cartoon-like dog designs, Defendant has used and is using in connection with its goods and/or services, and its containers for goods, a combination of words, symbols, and devices which is likely to cause confusion, and/or to cause mistake, and/or to deceive as to the affiliation, connection, and/or association of Defendant with Plaintiff, and/or as to the origin, sponsorship, and/or approval of Defendant's goods, services, and/or commercial activities by Plaintiff in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)), to the injury of Plaintiff. (Compl. ¶ 47.)

m.  By utilizing infringing cartoon-like dog designs, Defendant has made and is making false designations of origin, which are likely to cause confusion, and/or to cause mistake, and/or to deceive as to an affiliation, connection, and/or association of Defendant with Plaintiff, and/or as to the origin, sponsorship, and/or approval of Defendant's goods,

4

services, and/or commercial activities by Plaintiff in violation of 15 U.S.C. §1125(a). (Compl. ¶ 48.)

    n. Defendant's acts have been committed with the intent to pass off and palm off Defendant's products as Plaintiff's products with the intent to deceive and defraud the public. (Compl. ¶ 49.)

    o. Prior to filing the present lawsuit, Plaintiff requested that Defendant cease its infringing activities to no avail. In part, on April 21, 2015, Plaintiff, through its counsel, sent a letter to Defendant requesting that Defendant cease its infringing activities. In response, on May 5, 2015, Defendant, through its counsel, sent a reply letter to Plaintiff's counsel refusing to comply with Plaintiff's requests. (Compl. ¶ 28.)

    p. Defendant's infringement of Plaintiff's trade dress and unregistered trademark rights discussed herein, including Defendant's intentional copying of Plaintiff's trade dress, constitutes unfair or deceptive acts and practices and unfair methods of competition in or affecting commerce, proximately causing Plaintiff damages in violation of N.C. Gen. Stat. §§ 75-1.1 *et seq.* As a result of Defendant's willful unfair and deceptive acts, Plaintiff has suffered actual pecuniary harm. (Compl. ¶¶ 51 & 52.)

  6. In accordance with Fed. R. Civ. P. 55(b)(2), Plaintiff requests entry of a default judgment on Counts I–III for Defendant's violations of 15 U.S.C. §1125(a) and N.C. Gen. Stat. §§ 75-1.1 *et seq.*

  7. In accordance with 15 U.S.C. §1116, Plaintiff requests a permanent injunction against Defendant for Defendant's infringement of Plaintiff's trade dress and trademarks in violation of 15 U.S.C. §1125(a).

5

8.  In accordance with 15 U.S.C. §1118, Plaintiff requests an order for the seizure and impoundment of any infringing products, labels, catalogs, signs, prints, packages, wrappers, receptacles, advertisements, Internet websites, and any other infringing tangible items in the possession of Defendant for its violations of 15 U.S.C. §1125(a).

9.  In accordance with 15 U.S.C. §1117(a), Plaintiff requests judgment that the case is exceptional and an order for reasonable attorneys' fees from Defendant for its violations of 15 U.S.C. §1125(a).

10. Plaintiff also requests an award of attorney's fees pursuant to N.C. Gen. Stat. §§ 75-16 and 75-16.1.

## II. PERMANENT INJUNCTION AGAINST DEFENDANT

Upon Defendant's default, the Court, having reviewed the record, evidence, and applicable law in this matter, enters a permanent injunction against Defendant and **ORDERS** as follows:

1.  Defendant, and any of its officers, agents, employees, representatives, and all others acting in concert therewith are **PERMANENTLY ENJOINED** and **MUST REFRAIN** from directly or indirectly:

    a.  selling, advertising, and distributing any pet waste bags and related products containing or utilizing trade dress which is confusingly similar to Plaintiff's trade dress including Plaintiff's bag and box packaging trade dress as depicted in the attached Exhibits;

    b.  selling, advertising, and distributing any pet waste bags and related products displaying or utilizing cartoon-like dog designs that are confusingly similar to Plaintiff's Dog Designs as depicted in the attached Exhibits;

6

   c. continuing any and all acts of unfair competition as discussed herein; and

   d. further committing unfair and deceptive trade practices and unfair competition.

 2. This permanent injunction is authorized under 15 U.S.C. §1116 and Fed. R. Civ. P. 65 and takes effect immediately.

### III. FINAL JUDGMENT, ORDER FOR SEIZURE AND IMPOUNDMENT, AND ORDER FOR ATTORNEYS' FEES

 1. The Court **ORDERS** a final judgment in favor of Plaintiff 9252-8595 Québec Inc. on Counts I–III of Plaintiff's Complaint for violations of 15 U.S.C. §1125(a) and N.C. Gen. Stat. §§ 75-1.1 *et seq.* against Defendant Loyal Friend Pet Co. Inc.

 2. Pursuant to 15 U.S.C. §1118, the Court **FURTHER ORDERS** that, within 10 court days of service of this Order on Defendant, Defendant shall send by Federal Express or UPS to counsel for Plaintiff, Donald R. Pocock, Nelson Mullins Riley & Scarborough LLP, 380 Knollwood Street, Suite 530, Winston-Salem, NC 27103, the following items for seizure and impoundment:

   a. all infringing products, labels, catalogs, signs, prints, packages, wrappers, receptacles, advertisements, Internet websites, and any other infringing tangible items in the possession of Defendant; and

   b. an inventory sheet identifying each item being delivered to counsel for Plaintiff for impoundment.

 3. Pursuant to 15 U.S.C. §1117(a), the Court **FURTHER ORDERS** a judgment that the case is exceptional and awards Plaintiff reasonable costs and attorneys' fees up to and through the date of final judgment. Within 14 days after entry of judgment, Plaintiff shall

submit one or more affidavits regarding costs and attorneys' fees for further consideration by the Court.

4. The Court retains jurisdiction over this action for the purpose of enforcing the judgment and permanent injunction against Defendant.

5. This is a final judgment. Any relief not expressly granted herein, is denied.

SO ORDERED. This _2_ day of December 2015.

JAMES C. DEVER III
Chief United States District Judge

8

# EXHIBIT A

Plaintiff's Bag Trade Dress Introduced October 2013



9

## EXHIBIT B

Plaintiff's Box Packaging Trade Dress Introduced October 2013



# EXHIBIT C

Defendant's Bag Trade Dress



11

# EXHIBIT D

Defendant's Box Packaging Trade Dress

